UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CLIFFORD TRAVIS, and CHRISTINE TRAVIS on behalf of their minor son, BRANDON TRAVIS, as his next friend,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>FOLSOM CORDOVA UNIFIED SCHOOL DISTRICT, and STEVE HOWE,<br><br>　　　　Defendants. | 2:06-cv-2074-MCE-EFB<br><br><br><br><br><br>MEMORANDUM AND ORDER |

Through the present action, Plaintiffs Clifford Travis and Christine Travis ("Plaintiffs") allege Defendants Folsom Cordova Unified School District ("FCUSD") and vice-Principal Steve Howe of Folsom Middle School ("Defendants") have discriminated against Plaintiffs' son, Brandon Travis, on the basis of his race in violation of Title VI of the Civil Right Act of 1964 ("Title VI"); 42 U.S.C. § 1983; and California Education Code section 220.

1

Plaintiffs allege that Brandon Travis was subjected to harsh and disparate discipline that was motivated by Defendants' desire to treat members of the African-American race disparately from members of other races.

Now before this Court is Defendants' Motion to Dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Defendants also claim immunity from the instant suit pursuant to the Eleventh Amendment.  U.S. Const. amend. XI.  For the reasons set forth below, Defendants' Motion to Dismiss Plaintiffs' claim pursuant to Title VI is granted with leave to amend.  Defendants' Motion to Dismiss Plaintiffs' claim pursuant to 42 U.S.C. § 1983 is granted without leave to amend.  Defendants' Motion to Dismiss Plaintiffs' claim pursuant to California Education Code section 220 is granted with leave to amend.  Lastly, Defendants' Motion to Dismiss Plaintiffs' claim for punitive damages is granted without leave to amend.

**BACKGROUND**

Plaintiffs Clifford Travis and Christine Travis brought this action on behalf of their minor son Brandon Travis.  Brandon Travis was a student at Folsom Middle School, a subdivision of Folsom Cordova Unified School District, during 2004 and 2005.  Defendants are Folsom Cordova Unified School District and Vice-Principal Steve Howe of Folsom Middle School.

///
///

Plaintiffs are seeking general damages, special damages, an injunction, and punitive damages for "harsh and disparate discipline" they allege was imposed upon Brandon Travis by Defendants because Brandon Travis is African-American. The Complaint lacks factual allegations supporting Plaintiffs' claims for relief, stating only:

> Commencing on or about September, 2005 and continuing thereafter, by and through its subdivision Folsom Middle School, defendant Folsom Cordova Unified School District discriminated against Brandon Travis in its educational programs on the basis of his race – African American – by imposing upon him discipline that was disparate from the discipline it imposed upon other students who were not of the African-American race for the same or similar conduct which other students were not African-American in race. This disparate treatment was motivated by a desire on the part of Folsom Cordova Unified School District, Folsom Middle School, and/or its agents and employees, to treat members of the African-American race disparately from others who were not members of that race and thereby to discourage the participation of members of the African-American race in federally funded educational programs offered by Folsom Middle School."

Pl's 1st Am. Compl. at 3. The Complaint contains no additional information as to the dates the discrimination occurred, what discipline Brandon Travis received, or what circumstances support Plaintiffs' contention that Brandon Travis was subjected to harsh punishment because of his race.

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.

3

1  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir.
2  1996). A complaint will not be dismissed for failure to state a
3  claim "'unless it appears beyond doubt that plaintiff can prove
4  no set of facts in support of [his or] her claim that would
5  entitle [him or] her to relief.'" *Yamaguchi v. Dep't of the Air
6  Force*, 109 F.3d 1475, 1480 (9th Cir. 1997) (quoting *Lewis v. Tel.
7  Employees Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996)).

8      If the court grants a motion to dismiss a complaint, it must
9  then decide whether to grant leave to amend. The Court should
10 "freely give[]" leave to amend when there is no "undue delay, bad
11 faith[,] dilatory motive on the part of the movant, . . . undue
12 prejudice to the opposing party by virtue of . . . the amendment,
13 [or] futility of the amendment. . . ." Fed. R. Civ. P. 15(a);
14 *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to
15 amend is only denied when it is clear that the deficiencies of
16 the complaint cannot be cured by amendment. *DeSoto v. Yellow
17 Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992).

18
19                               **ANALYSIS**
20
21     **1.  Title VI of the Civil Rights Act of 1964**
22
23     Title VI provides that "[n]o person in the United States
24 shall, on the ground of race, color, or national origin, be
25 excluded from participation in, be denied the benefits of, or be
26 subjected to discrimination under any program or activity
27 receiving Federal financial assistance." 42 U.S.C. § 2000d.
28 ///

4

To state a claim for damages under Title VI, a plaintiff must allege that: (1) the entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal financial assistance. *Fobbs v. Holy Cross Health System Corp.* (9th Cir. 1994) 29 F.3d 1439, 1447, *Overruled on other grounds by Daviton v. Columbia/HCA Healthcare Corp.,* 241 F.3d 1131 (9th Cir. 2001). Title VI creates a private civil remedy only for instances of intentional discrimination. *See Alexander v. Choate,* 469 U.S. 287, 280 (1985). However, it does address unintentional discrimination through regulations that are promulgated under Title VI but are not enforceable through a private civil action. *Id.* at 280-81. Plaintiffs assert a claim under Title VI against FCUSD and not Mr. Howe.

**A.   Eleventh Amendment Immunity**

Defendants first assert Eleventh Amendment immunity from all claims. Under the Eleventh Amendment, a state is not subject to suit by its own citizens in federal court. U.S. Const. amend. XI; *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Congress can, however, abrogate a state's immunity, or the state can waive it. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 240-41 (1985). In California, public school districts are "state agencies" for Eleventh Amendment purposes. *Belanger v. Madera Unified Sch. Dist.,* 963 F.2d 248 (1992). However, Plaintiffs correctly point out that Title VI validly abrogates state sovereign immunity. *Alexander v. Underhill,* 532 U.S. 275, 280 (2006).
///

5

Accordingly, Defendants assertion of sovereign immunity fails as to this claim.

**B.     Failure to State a Claim**

Defendants also argue that Plaintiffs' Complaint fails to plead discrimination based upon race because Plaintiffs merely contrast Brandon Travis' treatment with students of other races, and does not allege that other African-American students were also treated disparately.  From the allegations contained in the Complaint, it is as likely that Brandon Travis was treated dissimilarly from other African-American students as it is that he was treated dissimilarly from students of other races.  If that is the case, there is no violation of Title VI because it covers only racial discrimination.

Plaintiffs argue that they have met Rule 8, which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," with "sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

"The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit," but instead simply hinges on whether each averment of a pleading is simple, concise, and direct. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

///
///
///

6

Dismissal for failure to satisfy Rule 8(a)(2) may be proper even if the factual elements of the cause of action are present but are scattered throughout the complaint, because to survive scrutiny under Rule 8 the allegations must be organized into a "short and plain statement of the claim." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (stating that a complaint should set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery"). Although Rule 8 requires only a short and plain statement of the claim, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

In the instant case, the Complaint sets out allegations of racial discrimination which do clarify who is being sued, for what relief, and on what theory. However, the Complaint lacks any factual support for its legal assertions. It lacks any description of the allegedly discriminatory conduct; the number of instances of discipline Brandon Travis is seeking compensation for; or any basis for the conclusion that the discipline was either discriminatory or motivated by racial bias. The Complaint lacks sufficient factual detail to guide discovery, to put Defendants on notice of the claims against them, or to permit Defendants to prepare an answer. The legal conclusion that Brandon Travis was subjected to "harsh and disparate discipline" that was "motivated . . . by a desire to treat members of the African-American race disparately" is not supported by any factual allegations. Pl's Compl. at 3.

7

1   Because the Complaint lacks factual allegations to support
2 its legal conclusions and fails to allege racial discrimination,
3 the Court grants Defendants' Motion to Dismiss Plaintiffs' claim
4 under Title VI for failure to state a claim.  Fed. R. Civ. P.
5 12(b)(6).  Lastly, the Court grants Plaintiffs leave to amend the
6 Complaint to include sufficient support for this claim to comply
7 with Rule 8 and state a claim for relief.

9   **2.   42 U.S.C. § 1983**

11  Section 1983 provides in relevant part:
12  Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ...
16  42 U.S.C. § 1983.
17  To maintain a successful § 1983 action, a plaintiff must
18 establish the following two elements: (1) the conduct complained
19 of must have been committed by an individual acting under the
20 color of law; and (2) the conduct must have subjected the
21 plaintiff to a deprivation of constitutional rights.  *Jones v.*
22 *Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).
23  Defendant asserts that Plaintiffs' § 1983 claim is subsumed
24 by Title VI.  Plaintiffs point out that the Ninth Circuit has not
25 yet ruled on the issue and urges the Court to follow other courts
26 that have found Title VI does not subsume a § 1983 claim within
27 its reach.  Thus, the Court is called upon to decide whether
28 Title VI serves to bar an action brought pursuant to § 1983.

8

1    Title VI does not explicitly purport to limit § 1983 relief.
2 However, congressional intent to foreclose such a remedy can
3 still be inferred from a statutory scheme. *Middlesex County*
4 *Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 20
5 (1981). "When the remedial devices provided in a particular Act
6 are sufficiently comprehensive, they may suffice to demonstrate
7 congressional intent to preclude the remedy of suits under §
8 1983." *Id.*

9    Courts are split as to whether Title VI subsumes § 1983
10 claims that fall within Title VI's proscriptions. The Seventh
11 Circuit, the Western District of New York, and the District of
12 Nevada have found that Title VI is sufficiently comprehensive to
13 preclude a plaintiff from bypassing its enforcement mechanisms
14 through a § 1983 action. *Boulahanis v. Bd. of Regents*, 198 F.3d
15 633, 641 (7th Cir. 1999); *Bayon v. State Univ. of N.Y. at*
16 *Buffalo*, 2001 WL 135817, *3 (W.D.N.Y. 2001); *Alexander v.*
17 *Underhill*, 416 F.Supp.2d 999, (D.Nev. 2006). Conversely, the
18 Third Circuit and the First Circuit have found that Title VI is
19 not sufficiently comprehensive. *Powell v. Ridge*, 189 F.3d 387,
20 402 (3d Cir. 1999) *overruled on other grounds by Alexander v.*
21 *Sandoval*, 532 U.S. 275 (2001); *Cousins v. Sec'y of U.S. Dep't of*
22 *Transp.*, 857 F.2d 37, 44-45 (1st Cir. 1988).

23    The Ninth Circuit has not decided the specific issue of
24 whether § 1983 claims are subsumed by Title VI. However, the
25 Ninth Circuit has recognized the Supreme Court's *Sea Clammers*
26 doctrine when construing other federal statutes and has found
27 that statutes may preclude a § 1983 remedy if they are
28 sufficiently comprehensive.

*See, e.g., Dittman v. Cal.*, 191 F.3d 1020 (9th Cir. 1999); *Dep't of Educ., State of Haw. v. Katherine D.*, 727 F.2d 809 (9th Cir. 1983).

In determining whether an act subsumes a § 1983 action, the court must determine whether Congress intended that act to supplant any remedy that would otherwise be available under § 1983. *Sea Clammers Ass'n*, 453 U.S. at 20. Such Congressional intent may be inferred when the statutory scheme is incompatible with individual enforcement under § 1983. *City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113 (2005). The defendant bears the burden of demonstrating that Congress has withdrawn the § 1983 remedy. *Golden State Transit Corp. v. City of L.A.*, 493 U.S. 103, 107 (1989).

Therefore, the Court must decide whether Title VI is sufficiently comprehensive to demonstrate congressional intent to foreclose a § 1983 remedy. If Title VI is sufficiently comprehensive, the Court must determine whether Plaintiffs' § 1983 claim seeks to remedy conduct that is within the scope of Title VI. Only § 1983 claims that are within the scope of a comprehensive statutory scheme are subsumed by that scheme. *See Smith v. Robinson*, 468 U.S. 992, 1003 n. 7 (1984) *superseded by* Education of the Handicapped Act, § 615(e)(4), as amended, 20 U.S.C. § 1415(e)(4).

Title VI's administrative scheme allows persons who believe they were discriminated against to file a written complaint with the responsible department official. 34 C.F.R. § 100.7(b). A complaint that indicates noncompliance with Title VI triggers a prompt investigation. 34 C.F.R. § 100.7(c).

1  If the investigation reveals a failure to comply with Title VI,
2  the department will take steps necessary to ensure compliance.
3  34 C.F.R. §§ 100.7, 100.8, 100.9.  Although these regulations do
4  not provide a monetary remedy for a complainant who was
5  discriminated against, the regulations do provide a process
6  designed to effectuate compliance with Title VI.  A federally
7  funded entity that does not comply with Title VI may ultimately
8  lose its federal financial assistance.  34 C.F.R. § 100.8.  In
9  addition to the administrative remedies, Title VI contains an
10 implied private cause of action through which individuals can
11 obtain both injunctive relief and damages.  *Alexander v.*
12 *Sandoval*, 532 U.S. at 279.
13     An additional consideration in determining whether a
14 particular statutory scheme should bar a § 1983 action is whether
15 the scheme provides a more restrictive private remedy for
16 statutory violations than would otherwise be available pursuant
17 to § 1983.  *Abrams*, 544 U.S. at 120.  A more restrictive remedy
18 provided by statute militates against recognition of a more
19 sweeping right under the general provisions of § 1983.  *Id.*
20     A Title VI plaintiff can only seek recovery from the
21 recipient of the federal funding.  *Shotz v. City of Plantation*,
22 344 F.3d 1161, 1169-70 (11th Cir. 2003).  Thus, individuals may
23 not be held liable under Title VI.  *Id*.  Furthermore, a private
24 right of action is only available under Title VI for intentional
25 discrimination.  *See Alexander,* 469 U.S. at 280.  Accordingly,
26 relief under Title VI is more restrictive than would otherwise be
27 available pursuant to § 1983.
28 ///

11

After examining the relevant case law and the statutory scheme of Title VI, the Court concludes that Title VI is sufficiently comprehensive to evince congressional intent to foreclose a § 1983 remedy.  Because Title VI offers an administrative enforcement scheme; a narrower private right of action; and damages that are more restrictive than those available through § 1983, the Court finds that a remedy under § 1983 for conduct within the scope of Title VI would be incompatible with Title VI.  *See Abrams*, 544 U.S. at 120. Therefore, the Court finds that Title VI subsumes § 1983 claims which fall within Title VI's prohibitions.  The authority to the contrary cited by the Plaintiff is neither controlling nor persuasive to this Court.

As to the second inquiry, Plaintiffs' Complaint seeks redress for intentional racial discrimination by a state entity that receives federal funds.  Plaintiffs' § 1983 claim falls squarely within Title VI and is thus subsumed by Title VI. Allowing Plaintiffs to plead around the detailed statutory scheme created by Title VI by pleading a § 1983 claim against Mr. Howe in his individual capacity would be inconsistent with Congress' creation of restrictions on Title VI claims.  Because the Court finds that Plaintiff's § 1983 claim is subsumed by Title VI, it is clear this claim cannot be cured by any amendment. Accordingly, Defendants' Motion to Dismiss Plaintiffs' claim against Mr. Howe under 42 U.S.C. § 1983 is granted without leave to amend.

///

///

12

### 3.   California Education Code § 220

California Education Code section 220 provides in relevant part, "[n]o person shall be subjected to discrimination on the basis of sex, ethnic group identification, race, national origin, religion, [or] color[.]"  Plaintiffs' Complaint does not assert this claim against Mr. Howe.  Defendant FCUSD again claims Eleventh Amendment immunity from this claim and alternatively alleges that Plaintiffs have failed to exhaust administrative remedies as required by California's Tort Claims Act("CTCA"), in any event.

As mentioned above, FCUSD is a state actor for Eleventh Amendment purposes.  In the absence of consent, a suit in federal court in which a state or one of its agencies or departments is named as a defendant is proscribed by the Eleventh Amendment. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984).  Plaintiffs have not directed the Court to any authority which suggests there has been a waiver that would apply to Plaintiffs' claim under California law.  Thus, the Eleventh Amendment bars suit against FCUSD for this claim.

Defendants also point out that Plaintiffs have failed to allege that they have complied with the requirements of the CTCA. Cal. Gov't Code § 900 *et seq*.  Plaintiffs assert that their claim under California law is exempt from the requirements of the CTCA.

All Government liability in California is governed by statute.  Cal. Gov't Code § 815.  The CTCA sets forth both the limited circumstances under which public entities may be sued in California and the applicable procedural requirements.

13

*Curtis T. v. County of L.A.,* 123 Cal. App. 4th 1405, 1414 (2004). All claims for money damages against local public entities in California must be presented in accordance with the CTCA, including its enumerated exceptions. Cal. Gov't Code § 910. Plaintiffs claim does not fall within any of the statutory exceptions provided in section 910.

Because compliance with the CTCA is required, no suit may be brought based upon Plaintiffs' claim until it has been presented and has been rejected in whole or in part. Cal. Gov't Code. § 945.4. Plaintiffs must have presented this claim to the appropriate governmental body within one year of the accrual of the cause of action. Cal. Gov't Code § 911.2.

Plaintiffs argue that this claim is not subject to the requirements of the CTCA because California Education Code section 262.4 provides that "this chapter may be enforced through a civil action." Nothing in section 262.4 nor any legal authority the Plaintiffs have produced, supports their contention that section 262.4 automatically bypasses the clear requirements of the CTCA, which expressly apply to every civil action against a California governmental entity not expressly exempted.

For the reasons stated above, the Court grants Defendant FCUSD's Motion to Dismiss as to Plaintiffs' claim under California Education Code section 220 because: (1) Defendant FCUSD is a state actor and is immune from suit in this Court pursuant to the Eleventh Amendment to the United States Constitution and there has been no showing of a waiver; and (2) Plaintiffs have not alleged they have complied with the requirements of the CTCA.

14

1  Plaintiffs are hereby granted leave to amend in order to cure the
2  foregoing defects.

### 4. Punitive Damages

Plaintiffs's Complaint requests punitive damages and Defendants' Motion to Dismiss expressly extends to all such claims by Plaintiffs. Plaintiff's claim against Mr. Howe pursuant to 42 U.S.C. § 1983 is subsumed by Title VI and thus it cannot form the basis for an award of punitive damages. This leaves only Plaintiffs' claims under Title VI and California law as possible grounds for an award of punitive damages. Defendants' Motion to Dismiss correctly asserts that punitive damages are not available under Title VI. *Barnes v. Gorman,* 536 U.S. 181, 189 (2002). Defendants also correctly asserts that punitive damages are not available under California law against a public entity. Cal. Gov't Code § 818. Finally, the Court notes that Plaintiffs failed to address this portion of Defendants' Motion to Dismiss in their Opposition.

Because the Plaintiffs have no claim upon which an award of punitive damages could be made it is clear that amendment would be futile. Accordingly, the Court grants Defendants' Motion to Dismiss punitive damages sought by Plaintiffs without leave to amend.

///
///
///
///

**CONCLUSION**

Defendants' Motion to Dismiss Plaintiffs' claim pursuant to Title VI is granted with leave to amend. Defendants' Motion to Dismiss Plaintiffs' claim pursuant to 42 U.S.C. § 1983 is granted without leave to amend. Defendants' Motion to Dismiss Plaintiffs' claim pursuant to California Education Code section 220 is granted with leave to amend. Lastly, Defendants' Motion to Dismiss Plaintiffs' claim for punitive damages is granted without leave to amend. Plaintiffs are hereby granted twenty (20) days following the date of this Order to file their proposed Amended Complaint.

IT IS SO ORDERED.

Dated: February 20, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

16