UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CLIFFORD TRAVIS, and CHRISTINE TRAVIS, on behalf of their minor son, BRANDON TRAVIS, as his next friend,

        Plaintiffs,

   v.

FOLSOM CORDOVA UNIFIED SCHOOL DISTRICT, and STEVE HOWE,

        Defendants.

2:06-CV-02074-MCE-EFB

MEMORANDUM AND ORDER

In the present action, Plaintiffs Clifford Travis and Christine Travis ("Plaintiffs") allege that Defendants Folsom Cordova Unified School District ("FCUSD") and vice-principal Steve Howe of Folsom Middle School ("Defendants") have discriminated against Plaintiffs' son, Brandon Travis, on the basis of his race.[1]

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. (continued...)

1

Plaintiffs' assert Defendants have so discriminated in violation of Title VI of the Civil Rights Act of 1964 ("Title VI"); 42 U.S.C. § 1983; and California Education Code section 220.

Defendants here have moved the Court to dismiss Plaintiffs' Complaint for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). For the reasons set forth below, Defendants' Motion is GRANTED without leave to amend.

**BACKGROUND**

Plaintiffs Clifford Travis and Christine Travis brought the present action on behalf of their minor son Brandon Travis. Brandon Travis was a student at Folsom Middle School, a subdivision of Folsom Cordova Unified School District, during 2004 and 2005. Defendants are Folsom Cordova Unified School District and vice-principal Steve Howe of Folsom Middle School.

Plaintiffs filed their Complaint in this matter on August 24, 2006. On November 22, 2006, Defendants moved to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] Plaintiffs filed a statement of non-opposition to that Motion and forthwith filed a First Amended Complaint. Again, Defendants filed a Motion to Dismiss. On January 13, 2007, Plaintiffs filed an Opposition to that Motion.

---

[1](...continued)
Local Rule 78-230(h).

[2] Unless otherwise stated, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

2

1  Notwithstanding, on April 5, 2007, the Court issued an Order
2 granting Defendants' Motion in its entirety with twenty (20) days
3 leave to amend.  Plaintiffs failed to timely file a Second
4 Amended Complaint and the present Motion followed.

## STANDARD

Defendants are seeking to have the present matter dismissed pursuant to Federal Rule of Civil Procedure 41(b).  That Rule provides in pertinent part as follows:

> Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.  Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

The principles that apply to dismissals for violation of pretrial orders are well established.  Courts are to weigh five factors in deciding whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). These factors are "not a series of conditions precedent before the judge can do anything," but a "way for a district judge to think about what to do."

///

3

*Valley Eng'rs Inc. V. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998); see also *Allen v. Bayer Corp. (In re : Phenlpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1228 (9th Cir. 2006).

**ANALYSIS**

At the outset, the Court would like to emphasize that Plaintiffs did not oppose the present Motion.  In fact, on May 4, 2007, Plaintiffs filed a Statement of Non-Opposition to the present Motion but that Statement was limited to Defendant Steve Howe.  Inexplicably, while Plaintiffs expressly chose not to oppose Defendant Howe's Motion to Dismiss through the foregoing Statement, Plaintiffs filed neither an Opposition nor a Statement of Non-Opposition to Defendant Folsom Cordova Unified School District's Motion to Dismiss.  On that ground alone, the Court finds Defendants' Motion to Dismiss without leave to amend appropriate.  Nonetheless, in an abundance of caution, the Court shall address the following alternative ground for its ruling.

**1.   Expeditious Resolution Of Litigation**

As reflected in the first of the Federal Rules of Civil Procedure, the public has an overriding interest in securing "the just, speedy, and inexpensive determination of ever action." *See* Fed. R. Civ. P. 1.  Orderly and expeditious resolution of disputes is a matter of great importance to the rule of law.
///

By the same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process.  *Allen,* 460 F.3d at 1228.

The Court has provided Plaintiffs a clear directive with respect to the time they were permitted to amend their Complaint.  Plaintiffs failed to comply with that directive delaying the resolution of this matter.  Considering the expense of this matter remaining active when Plaintiffs have failed to amend their Complaint subsequent to its dismissal, the Court finds this factor weighs in favor of granting Defendants' Motion.

**2.   The Court's Need To Manage Its Docket**

"District courts have an inherent power to control their dockets.  In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal."  *Thompson v. Hous. Auth. Of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam).  Rule 16, the central pretrial rule, authorizes a court to manage cases so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of the trial is improved, and settlement is facilitated.  *Allen*, 460 F.3d at 1228.  Rule 41(b) permits dismissal for failure of the plaintiff to prosecute or to comply with any order of court.  *See* Fed. R. Civ. P. 41(b).
///
///
///

5

The Supreme Court has also recognized that dismissal "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (per curiam).

Management of this Court's docket is of vital significance to the proper and timely resolution of matters before it. Consequently, the Court finds dismissal of this action for failure to comply with the Court's Order serves to facilitate the management of the docket. Accordingly, this factor weighs in favor of granting Defendants' Motion.

**3.   Risk Of Prejudice To The Defendant**

"A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trail or threaten to interfere with the rightful decision of the case." *Adriana Int'l Corp. V. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). The law presumes prejudice from unreasonable dely. *Mooneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1453 (9th Cir. 1994); *see also Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9 th Cir. 1991) (as amended) (presuming from elapsed time that defendants' ability to defend a case has been prejudiced).

///
///
///

A plaintiff may proffer an excuse for delay that, if "anything but frivolous," shifts the burden of production to the defendant to show at least some actual prejudice; if it does, the plaintiff must persuade the court that the claims of prejudice are illusory or relatively insignificant in light of his excuse. *Moneymaker*, 31 F.3d at 1453 (quoting *Nealey v. Transp. Maritima Mexicana, S.A.*, 662 F.2d 1275, 1281 (9th Cir. 1980)); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (reiterating that the burden of production shifts to the defendant to show at least some actual prejudice only after the plaintiff has given a non-frivolous excuse for delay).

In this circumstance, prejudice, delay, and excuse all influence the district court's discretion. Prejudice normally consists of loss of evidence and memory. *In re Eisen*, 31 F.3d at 1453. However, it may also consist of costs or burdens of litigation. That the case is "an involved, complex case increases the prejudice from the delay. Early preparation and participation are essential in such circumstances." *Anderson*, 542 F.2d at 525. Here, the risk to Defendants given the unreasonable delay to proceed by Plaintiffs tips this factor in favor of granting Defendants' Motion.

**4.   Disposition On The Merits**

It has often been said that the public policy favoring disposition of cases on their merits strongly counsels against dismissal. *See, e.g., Hernandez*, 138 F.3d at 399.
///

Conversely, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits. Thus, courts have recognized that this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction. *See In re Eisen*, 31 F.3d at 1454; *Morris*, 942 F.2d at 652. While it is clear there is public policy favoring disposition of this case on its merits, Plaintiffs failure to comply with the Court's Order to amend its Complaint leans this fourth factor in favor granting Defendants' Motion.

**5.   Availability Of Less Drastic Sanctions**

"'The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions.'" *Malone*, 833 F. 2d at 131-32 (quoting *United States v. Nat'l Med. Enters., Inc.*, 792 F.2d 906, 912 (9th Cir. 1986)). Factors that indicate whether a district court has considered alternatives include: (1) Did the court explicitly discuss the feasibility of less drastic sanction and explain why alternative sanctions would be inadequate; (2) Did the court implement alternative methods of sanctioning or curing the malfeasance before ordering dismissal; and (3) Did the court warn the plaintiff of the possibility of dismissal before actually ordering dismissal. *Malone*, 833 F. 2d at 132.

8

While helpful and encouraged, explicit discussion of alternatives is not necessary for a dismissal order to be upheld. *Id*. Warning that failure to obey a court order will result in dismissal can itself meet the "consideration of alternatives" requirement. *Estrada v. Speno & Cohen*, 2001 U.S. App. LEXIS 10697, 15-16 (9th Cir. 2001); *Malone*, 833 F.2d at 132. The Court believes it has satisfied its obligation to consider alternative sanctions and hereby finds the sanction of dismissal appropriate.

## CONCLUSION

For the reasons set forth above, the Court finds dismissal proper. Accordingly, Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 41(b) is GRANTED without leave to amend.

Dated: June 22, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

9